**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin Jr., Esq. (WM-0487)
Mark J. Politan, Esq. (MP-5989)

*Local Counsel for Official Committee of Unsecured Creditors of*
*155 Route 10 Associates Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| 155 Route 10 Associates Inc., *et al.*,[1] | Case No. 12-24414 (NLW) |
| Debtors. | Jointly Administered |

**FIRST AND FINAL APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C. AS LOCAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 13, 2012 THROUGH JUNE 30, 2013**

Porzio, Bromberg & Newman, P.C. ("Porzio") as local counsel to the Official Committee of Unsecured Creditors (the "Committee") of 155 Route 10 Associates, Inc., *et al*. (the "Debtors"), submits this application (the "Application") for its first and final allowance for compensation and reimbursement of expenses for the period of June 13, 2012 through June 30, 2013 (the "Compensation Period"). In support of the Application, Porzio respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 155 Route 10 Associates, Inc. (7269), SDA, Inc. (7289) and Wayne Philadelphia Associates, Inc. (7249).

2476076

**BACKGROUND**

1. One June 5, 2012 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continued to operate their businesses and manage their properties and assets as debtors in possession until the dismissal of their cases.

2. On June 13, 2012, the Office of the United States Trustee (the "UST") appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [Doc. No. 63].

3. On July 16, 2012, the Court entered orders authorizing the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as the Committee's lead counsel [Doc. No. 240] and CBIZ, Inc. as financial advisor to the Committee [Doc. No. 238]. Porzio's retention as local counsel to the Committee was approved by the Court on July 18, 2012, *nunc pro tunc* to June 13, 2012 (*see* Order attached as Exhibit A) [Doc. No. 241].

4. On August 20, 2012, the Court entered its Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order"). A true and correct copy of the Administrative Order is attached as Exhibit B [Doc. No 325] hereto. Pursuant to the Administrative Order, Porzio submitted certain Monthly Fee Statement, as follows:

   a) On August 29, 2012, Porzio submitted its Monthly Fee Statement for services and expenditures incurred from June 13, 2012 through July 31, 2012 requesting $15,389.50 in fees and $538.71 in expenses [Doc. No. 354].

b) On October 15, 2012, Porzio submitted its Monthly Fee Statement for services and expenditures incurred from August 1, 2012 through August 31, 2012 requesting $3,360.50 in fees and $1,594.40 in expenses [Doc. No. 447].

c) On January 7, 2013, Porzio submitted its Monthly Fee Statement for services and expenditures incurred from September 1, 2012 through October 31, 2012 requesting $2,380.00 in fees and $806.78 in expenses [Doc. No. 531].

5. On July 2, 2013, the Court entered its Order Approving Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 305(a), 349 and 1112(b) and Fed. R. Bankr. P. 1017(a) and 2002(a)(4) Dismissing the Debtors' Chapter 11 Cases and Granting Related Relief [Doc. No. 627].

6. Porzio's total fees, pursuant to the above monthly statements, aggregate $21,130.00 in fees and $2,939.89 in disbursements. Of this, Porzio has thus far received $10,901.09 in fees and $538.71 in disbursements.

## JURISDICTION, VENUE, AND STATUTORY BASIS

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

8. For this Application, the documentation reflecting the detail for the services performed, the time expended by each professional, and the expenses incurred during the Compensation Period is attached hereto. Also annexed hereto is (i) a chart summarizing the amount of time spent by each individual performing services on behalf of the Committee during

the Compensation Period and the hourly rate of each professional, and (ii) a chart summarizing disbursements, divided by category and amount, incurred by Porzio on behalf of the Committee during the Compensation Period.

### SUMMARY OF SERVICES RENDERED DURING THE COMPENSATION PERIOD

9.  The compensation requested is reasonable based on the nature and extent of the services rendered, the size and complexity of this case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.  As such, Porzio submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

10. The professional services performed by Porzio were necessary and appropriate to protect the rights and fulfill the obligations of the Committee given the nature and complexity of the issues at hand.  The professional services performed by Porzio were in the best interests of the Debtors' creditors and other parties in interest, and were performed in an expeditious and efficient manner.

11. As set forth in the Final Fee Application Cover Sheet submitted herewith, Porzio rendered a total of 81.8 hours of professional services during the Compensation Period, for which it seeks compensation of $21,130.00.  Annexed hereto as <u>Exhibit C, D and E</u> are itemized statements listing the attorneys and professionals that performed the services, dates thereof and a description of the services provided.

12. During the Compensation Period, Porzio performed a wide variety of legal services in connection with this matter including, but not limited to, the following:

- Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these cases;

- Assisting lead counsel and financial advisor with retention applications and the filing of same;

- Reviewing and analyzing several first-day motions and applications, interim and final orders entered relating to same, and attending court hearings thereon;

- Reviewing and analyzing Bid Procedures Motion, assisting with the filing of the Committee's objection to same, and attending the court hearing thereon;

- Preparing and researching for court hearings, including the Sale/Bid Procedures hearing;

- Reviewing and editing confidentiality agreement;

- Analyzing the Debtors' Petitions, Schedules and Statements of Financial Affairs and the Debtors' business operations, historical data and business issues;

- Attending and representing the Committee at the 341 hearing;

- Advising creditors on various issues, including 503(b)(9) issues;

- Assisting PSZJ and CBIZ with all filings, including, *inter alia*, notices of appearance, *pro hac vice* applications, fee applications, all other motions and applications, and objections;

- Assisting, advising and representing the Committee, and consulting with lead counsel in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

- Preparing monthly fee statements and circulating same as per the Administrative Order;

- Reviewing the filed monthly fee statements of other Estate professionals to ensure the Estate is receiving value for the fees and expenses being paid.

## NECESSARY EXPENSES INCURRED IN THIS CASE

13. Porzio incurred out-of-pocket expenses during the Compensation Period in the amount of $2,939.89 which were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. A detailed list of the expenses Porzio has incurred in the course of its representation of the Committee during the Compensation Period is summarized below.

5

14. Such expenses include, but are not limited to, telephone charges, postage, messenger service, Federal Express, legal research, title search fees and telecopy charges. Porzio has made every effort to minimize the expenses in this matter by utilizing the most cost efficient method of communication consistent with the necessary time restraints.

## CERTIFICATION OF COUNSEL

15. The Certification required by Section 504 of the Bankruptcy Code is attached hereto as Exhibit F.

## COMPLIANCE WITH GUIDELINES

16. Porzio believes that this Application substantially complies with the local rules of this Court and the United States Trustee guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, Porzio respectfully requests a waiver or an opportunity to cure.

17. This is Porzio's final application pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of fees and reimbursement of expenses in this case.

18. Porzio has made no prior or other application to this or any other Court for the relief requested herein.

## CONCLUSION

19. Porzio respectfully submits that its request for compensation in the sum of $21,130.00 is reasonable and necessary considering the quality and nature of the services performed. Porzio further submits that its request for reimbursement of expenses in the amount $2,939.89 is also reasonable and necessary.

2476076

**WHEREFORE**, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Porzio respectfully requests (i) final allowance of compensation for professional services rendered as local counsel to the Committee during the Compensation Period in the amount of $21,130.00; (ii) reimbursement of actual and necessary expenses incurred by Porzio during the Compensation Period in the amount of $2,939.89; and (iii) such other and further relief as this Court deems just and proper.

Dated:  August 5, 2013

                **PORZIO, BROMBERG & NEWMAN, P.C.**
                *Local Counsel to the Official Committee of Unsecured Creditors 155 Route 10 Associates, Inc., et al.*

                By    */s/* Warren J. Martin Jr.
                      Warren J. Martin Jr.

2476076

## SECTION 1 - FEE SUMMARY

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (OR YEARS OF PROF. SERVICE) | HOURS | RATE | FEE |
|---|---|---|---|---|
| Warren J. Martin Jr., Principal | 1986 | 1.2 | $635 | $762.00 |
| Mark J. Politan, Counsel | 1999 | 9.2 | $440 | $4,048.00 |
| Rachel A. Segall, Associate | 2011 | 28.5 | $285 | $8,122.50 |
| Mathew D. Laskowski, Senior Paralegal | 1998 | 36.6 | $195 | $7,137.00 |
| Maria P. Dermatis, Senior Paralegal | 2006 | 3.9 | $195 | $760.50 |
| Kathy Mulch, Document Clerk | 2009 | 2.4 | $125 | $300.00 |
| **TOTALS:** | | **81.8** | | **$21,130.00** |

| FEE TOTALS – SECTION 2 | $21,130.00 |
|---|---|
| DISBURSEMENT TOTALS – SECTION 3 | $2,939.89 |
| TOTAL FEES AND EXPENSES TO BE PAID | $24,069.89 |

2476076

## SECTION II -SUMMARY OF SERVICES RENDERED

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a) Asset Analysis and Recovery | 0.2 | $127.00 |
| b) Asset Disposition | 15.3 | $4,850.00 |
| c) Business Operations | 0.0 | $0.00 |
| d) Case Administration | 28.1 | $6,414.50 |
| e) Claims Administration and Objections | 0.4 | $114.00 |
| f) Employee Benefits/Pensions | 0.0 | $0.00 |
| g) Fee/Employment Applications | 33.3 | $8,428.00 |
| h) Fee/Employment Objections | 0.0 | $0.00 |
| i) Financing | 1.5 | $341.50 |
| j) Litigation (other than Avoidance Action Litigation) | 0.0 | $0.00 |
| k) Avoidance Action Litigation | 0.0 | $0.00 |
| l) Meetings of Creditors | 3.0 | $855.00 |
| m) Plan and Disclosure Statement | 0.0 | $0.00 |
| n) Relief from Stay Proceedings | 0.0 | $0.00 |
| o) Regulatory Compliance | 0.0 | $0.00 |
| p) Travel | 0.0 | $0.00 |
| q) Accounting/Auditing | 0.0 | $0.00 |
| r) Business Analysis | 0.0 | $0.00 |
| s) Corporate Finance and Valuation | 0.0 | $0.00 |
| t) Data Analysis | 0.0 | $0.00 |
| u) Litigation Consulting | 0.0 | $0.00 |
| v) Reconstruction Accounting | 0.0 | $0.00 |
| w) Tax Issues | 0.0 | $0.00 |
| x) Other (specify category) | 0.0 | $0.00 |
| **SERVICES TOTAL:** | **81.8** | **$21,130.00** |

2476076

## SECTION III - SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNT |
|---|---:|
| a) Computer Assisted Legal Research | $0.00 |
| b) Facsimile (with rates)<br>    No. of Pages ____ Rate per Page ____ (Max. $1.00/pg.) | $0.00 |
| c) Long Distance Telephone / Conference Calls | $22.38 |
| d) In-House Reproduction<br>    No. of Pages _11,837_ Rate per Page _$.20___ (Max. $.20/pg.) | $2,367.40 |
| e) Outside Reproduction | $0.00 |
| f) Outside Research (Explain) | $0.00 |
| g) Filing/Court Fees | $0.00 |
| h) Court Reporting / Deposition Services | $0.00 |
| i) Travel | $36.21 |
| j) Courier & Express Carriers (e.g. Federal Express) | $279.60 |
| k) Postage | $147.10 |
| l) Other (Explain) | $87.20 |
| **DISBURSEMENTS TOTAL:** | $2,939.89 |

2476076